**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0005742**
**03-JUN-2014**
**08:33 AM**

NO. CAAP-13-0005742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARIA P. ABELLO and TEANCUM, INC.,
Petitioners/Appellants/Appellants,
v.
TUNG CHAN, COMMISSIONER OF SECURITIES, et al.,
Respondents/Appellees/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0503-02

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over this administrative appeal that

Petitioners/Appellants/Appellants Maria P. Abello (Appellant

Abello) and Teancum, Inc. (Appellant Teancum), have asserted from

the Honorable Rhonda A. Nishimura's October 30, 2013 judgment,

because the October 30, 2013 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013), Rule 58 and Rule 72(k) of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

When a circuit court adjudicates an appeal from an administrative agency order, "[r]eview of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (1993 & Supp. 2013). Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate

judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

HRCP Rule 72(k) similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." Therefore, the separate judgment document rule under the holding in Jenkins applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). When explaining the requirements for an appealable judgment under the separate document rule, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[W]e should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

The October 30, 2013 judgment provides that "judgment is hereby entered in favor of Appellees Tung Chan, Commissioner of Securities, Department of Commerce and Consumer Affairs, State of Hawaii and against Appellant Maria P. Abello on all claims and issues." The October 30, 2013 judgment neither mentions Appellant Teancum nor resolves this circuit court case as to Appellant Teancum, despite that Appellant Teancum was an active party appellant in Civil No. 13-1-0503-02 (RAN). Although the October 30, 2013 judgment neither enters judgment as to Appellant Teancum nor dismisses this circuit court case as to Appellant Teancum, the October 30, 2013 judgment also does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties, as HRCP Rule 54(b) requires. As the Supreme Court of Hawai'i has explained,

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). The October 30, 2013 judgment does not satisfy the requirements for an appealable final judgment under HRCP Rule 58, HRCP Rule 72(k), and the holding in Jenkins. Absent an appealable final judgment, Appellant Abello's and Appellant Teancum's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-13-0005742.

-4-

Accordingly, IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-13-0005742 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 3, 2014.

Presiding Judge

Associate Judge

Associate Judge